UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Thomason, *et al.*,

    Plaintiffs,

v.                                                                                                 Case No. 1:06cv767

Amalgamated Local No. 863, *et al.*,             Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendants' Motion to Dismiss. (Doc. 23.) Plaintiffs have filed a Memorandum in Opposition (Doc. 28) and Defendants filed a Reply (Doc. 29). Plaintiffs have also filed a Motion for Discovery under Rule 56(f). (Doc. 33) Defendants filed an opposition to that Motion (Doc. 35) and have filed a Motion for Protective Order. (Doc. 27)

In their Motion to Dismiss, Defendants argue that Plaintiffs lack standing to bring their claims under the Labor Management Reporting and Disclosure Act ("LMRDA") because they were not members of the union. Plaintiffs argue that Defendants' Motion to Dismiss should be converted to a motion for summary judgment because Defendants have relied upon materials outside the pleadings. Plaintiffs maintain that discovery is necessary before a decision can be made on the summary judgment motion. Defendants disagree, and seek a protective order from any discovery until a decision on the Motion to Dismiss is issued.

Standing is a jurisdictional requirement, and is governed by Federal Rule of Civil

Procedure 12(b)(1). *See Coal Operators & Assocs. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002). Unlike a Rule 12(b)(6) motion, the consideration of matters outside the pleadings does not require that a Rule 12(b)(1) motion to be converted into a summary judgment motion. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).

Some courts treat the issue of membership under the LMRDA as a question regarding standing. *See, e.g., Phelan v. Local 305 of United Ass'n of Journeymen*, 973 F.2d 1050, 1055-57 (2d Cir. 1992) (subject matter jurisdiction dependant upon whether individual is "member" under the LMRDA). However, other courts formulate the issue as being a question of whether the plaintiff has failed to state a claim, instead of a question of jurisdiction. *See, e.g.*, *Hughes v. Local No. 11 of Intern. Ass'n of Bridge, Structural and Ornamental Ironworkers, AFL-CIO*, 287 F.2d 810, 813 (3d Cir.) (explaining that whether plaintiff actually was a "member" was question of whether the complaint asserted a claim upon which relief could be granted, not a question of jurisdiction), *cert. denied*, 368 U.S. 829 (1961); *In re Carter*, 618 F.2d 1093, 1102 (5th Cir. 1980) (same); *Gavin v. Structural Iron Workers Local No. 1*, 553 F.2d 28, 30 (7th Cir. 1977); (dismissing claims for failure to state claim because plaintiffs were not "members"). This Court finds that this is the proper approach. Because the Court will consider materials outside the pleadings, the Court hereby converts Defendants' Motion to Dismiss to one for summary judgment.

Plaintiffs' claims are based upon two ratification meetings held by the Local 863 on September 20, 2004 at the Ford plant in Batavia, Ohio. Ford took over the plant from a separate company, ZF Batavia, LLC. During the meetings, the ZF employees voted to become Ford employees. As a result of the vote, the ZF employees moved ahead of Plaintiffs on the seniority list. Defendants argue that Plaintiffs do not have standing to

challenge the vote because they were not members of the Local 863 at the time.

The facts which form the basis of Defendants' argument are not in dispute. In 2000, Plaintiffs began working at the Ford plant in Sharonville, Ohio. The UAW Local 863 represents employees at both the Batavia and Sharonville facilities. In 2001, Plaintiffs were laid off. While they were laid off, Plaintiffs transferred to work at Ford's Michigan and Kentucky Truck facilities. These facilities are represented by other UAW locals. In October of 2004, Plaintiffs Lewis and Evans were recalled to the Sharonville facility, and immediately transferred to the Batavia facility. In December of 2004, Plaintiff Ogle was also recalled to Sharonville and transferred to Batavia. Later, in October of 2006, Plaintiffs were laid off from the Batavia facility while former ZF employees were retained.

Pursuant to LMRDA's enforcement provision: "Any person whose rights are secured by the provisions of this title have been infringed by any violation of this title may bring a civil action. . . ." 29 U.S.C. § 412. LMRDA's bill of rights provides certain rights to "members" of labor organizations:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1). A "member" is defined in the statute as:

> "Member" or "member in good standing", when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.

29 U.S.C. § 402(*o*). Several federal circuit courts have held that a "member" under the

statute is not limited to those persons who are recognized by the union. *See Phelan v. Local 305 of United Ass'n of Journeymen, and Apprentices of Plumbing and Pipefitting Industry of U.S. and Canada*, 973 F.2d 1050, 1057 (2d Cir. 1992); *Hughes v. Local No. 11 of Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers*, 287 F.2d 810 (3d Cir.), *cert. denied*, 368 U.S. 829 (1961); *Alvey v. General Elec. Co.*, 622 F.2d 1279, 1284-85 (7th Cir. 1980); *Brennan v. Local 357, Int'l Bhd. of Teamsters*, 709 F.2d 611, 614 (9th Cir. 1983); *Department of Labor v. Aluminum, Brick and Glass Workers Int'l Union, Local 200*, 941 F.2d 1172, 1177 (11th Cir. 1991). As one of these courts has explained:

> Congress did not . . . limit the protection [of the LMRDA] to those persons who have been admitted to membership in a labor organization and who are recognized as members by that organization. Indeed, it provided that equal rights and privileges be secured to any person who has fulfilled the requirements of membership. Thus, the Act's protection is extended to those who are everything that members are, to those who are in substance members, despite the fact that the officials of the particular labor organization have not performed the ministerial acts precedent to formal admission and recognition.

*Hughes*, 287 F.2d at 815. Accordingly, to be a "member" under the LMRDA, two requirements must be met: (1) the person must have "fulfilled the requirements for membership;" and (2) the person must not have voluntarily withdrawn from the organization or been expelled or suspended from membership.

In determining whether a person has "fulfilled the requirements of membership," a court must defer to the labor organization's interpretation of its own constitution and bylaw provisions, as long as that interpretation is "fair" and "reasonable." *See Millwright Local No. 1079 v. UBCJA*, 878 F.2d 960, 962 (6th Cir. 1989); *Vestal v. Hoffa*, 451 F.2d 706, 709 (6th Cir. 1971) ("Courts are reluctant to substitute their judgment for that of union officials in the interpretation of the union's constitution, and will interfere only where the official's

interpretation is not fair or reasonable."), *cert. denied*, 406 U.S. 934 (1972). As this Court has explained, a court should defer to the union's own interpretation of its own governing instrument, unless (1) the constitutional term is unambiguous and (2) the union's interpretation flatly contradicts that unambiguous language. *Long v. UAW Local 674*, 545 F.Supp.2d 702, 712 (S.D. Ohio 2008), *citing Executive Bd., Local 234 v. Transp. Workers Union of Am.*, 338 F.3d 166, 170 (3rd Cir. 2003).

Under Article 6, section 10 of the UAW Constitution, a member may not hold membership in more than one Local at the same time. (Doc. 23-7.) Therefore, under Article 17, section 3 of the UAW Constitution:

> Any member in good standing at the time of leaving the jurisdiction of her/his Local Union shall establish her/his membership in another UAW Local Union by either of the following:
>
> (a) By obtaining an honorable withdrawal transfer card and depositing same immediately in such other UAW Local Union. Failure to deposit the honorable withdrawal transfer card within one (1) calendar month and to pay dues which have accrued since coming within the jurisdiction of such other UAW Local Union will result in termination of the honorable withdrawal transfer card.
>
> (b) By payment of an initiation fee and dues to such other UAW Local Union, in which case such member's good standing will start as of the date of such payment.

(Doc. 23-7.) There is no dispute that Plaintiffs did not obtain honorable withdrawal transfer cards when they left the jurisdiction of Local 863. (Evans Aff. ¶ 10; Lewis Aff. ¶ 10; Ogle Aff. ¶ 10.) Plaintiffs also did not pay initiation fees to the other UAW Locals in the locations to which they transferred. (Evans Aff. ¶ 12; Lewis Aff. ¶ 11; Ogle Aff. ¶ 11.)

Defendants argue that under the Constitution, Plaintiffs voluntarily withdrew their membership with Local 863 when they left and accepted transfers outside Local 863's

jurisdiction. Defendants also point out that Ford did not remit membership dues for Plaintiffs to Local 863 between January 2003 and September 2004. (Doc. 29-1, Phyllis Blust Aff. ¶ 10.)[1]

Plaintiffs essentially argue that they remained members of Local 863 because the union treated them as such. Plaintiffs point out that Local 863 never provided them with honorable withdrawal transfer cards; Plaintiffs were never informed that they were no longer in good standing; Plaintiffs were never paid certain moving allowances to which they claim they were entitled; Evans and Lewis attended a Local 863 Meeting in June of 2004 and participated fully as members; Local 863 supplied them with Check-Off Membership and Attendance Cards while Plaintiffs were working at Kentucky Truck and Michigan Truck; and Plaintiffs were not required to pay a reinstatement fee to Local 863 when they returned to Sharonville.[2]

Article 17, section 3 of the UAW Constitution clearly provides that when a member leaves the jurisdiction of his or her Local Union to work in the jurisdiction of another Local, the member "shall" establish his or her membership in the other Local. Consistent with this provision, Article 6, section 10 of the UAW Constitution prohibits members from holding membership in more than one Local Union of the International Union at the same time, "except by permission of the International Executive Board." Defendants' position that Plaintiffs were no longer members of Local 863 when they transferred out of its jurisdiction

---

[1] However, Plaintiffs have submitted affidavits which state that union dues were automatically withdrawn from their paycheck when they worked at Kentucky and Michigan Truck facilities. (Evans Aff. ¶ 16; Lewis Aff. ¶ 16; Ogle Aff. ¶15.)

[2] Defendants do not dispute these facts, but only dispute their significance.

does not contradict this unambiguous language.

In addition, the Court finds that Local 863's failure to supply Plaintiffs with honorable withdrawal transfer cards is not at odds with their interpretation of Article 17, section 3. Defendants have submitted the affidavit of Phyllis Blust, current president of Local 863. (Doc. 29-1, Phyllis Blust Aff. ¶ 1.) Blust states that when a laid-off member of Local 863 transfers to the jurisdiction of another UAW Local, it is not the practice of Local 863 to issue an honorable withdrawal card. (Id. ¶ 8.) Blust explains that the reverse is also true, so that Local 863 does not require the deposit of an honorable withdrawal transfer card or an initiation fee when a UAW member transfers to its jurisdiction. (Id. ¶ 9.) Based on this evidence, the Court finds that the issuance of the honorable withdrawal transfer card is a mere formality. Issuance of the card is automatic where a member in good standing leaves the jurisdiction of one Local to work in another UAW Local. However, it is not the actual issuance of the card which determines membership, but the transfer of the member out of one jurisdiction into another. Therefore, when Plaintiffs left the jurisdiction of Local 863, they ceased being members of that Local, and were instead members of the UAW Locals in the locations to which the transferred. As such, Plaintiffs did not fulfill the requirements of membership in Local 863 at the time of the disputed vote. The Court concludes that for this reason, Plaintiffs cannot state a claim under the LMRDA, and Defendants' Motion to Dismiss (Doc. 23) is hereby **GRANTED**.

Because there were no questions of fact which needed to be resolved in discovery for a decision on Defendants' Motion, Plaintiffs' Motion for Discovery under Rule 56(f) (Doc. 33) is **DENIED** and Defendants' corresponding Motion for Protective Order (Doc. 27) is **DENIED AS MOOT**.

This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court